## Kirk v. Bishoff.

(Decided June 21, 1929.)

206

F. M. DRAKE and A. E. FUNK for appellant.

HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Dr. G. W. Kirk began this action against Edd Bishoff, charging that Bishoff had said of and concerning him to Amos Tingle, Mrs. Amos Tingle, Charles Herp, and S. G. Thornsberry: "Dr. G. W. Kirk has forged my name to a check for the sum of $20.00 and has cashed the check." At the conclusion of the evidence, the court instructed the jury to find for the defendant. Such a verdict followed, and from the judgment entered thereon, Dr. Kirk has appealed.

The evidence of Amos Tingle was that Bishoff had said: "If a check comes in here drawn in favor of Dr. Kirk for $20.00 or maybe it was $24.00—something like that, 'stop payment on it; my name has been forged.' " Mrs. Amos Tingle testified she was present when Bishoff spoke to her husband and that this is what he said: "If a check came in the bank payable to Dr. Kirk for him not to cash it, that it was forged." Thornsberry testified that he heard the conversation, and this is his evidence about what Bishoff said: "He told Mr. Tingle, the cashier, that if Dr. Kirk came in there with a check drawn on him not to honor it; that it was forged." In like manner, Herp testified that what was said to him was: "He told me that he gave some checks to Dr. Kirk, and so he said that, if any of them came in, to stop payment on them, on any checks made payable to Dr. Kirk." Bishoff was introduced as a witness, and according to him, this is what he said to these bankers: "If any check comes in here made out to Dr. Kirk, don't cash it because I don't owe him anything; I have given him a check some time ago with 'paid in full to date' on it, so I said if any more happened to come in it wouldn't be my signature on it."

The law does not require that the words proven shall be identically the same as the words charged, but they must be substantially so. In this case the charge was that Bishoff had said Dr. Kirk had committed a forgery.

The proof was that Bishoff said if Dr. Kirk presented a check with Bishoff's name to it, that it would be a forgery. Nowhere in the evidence does it appear that Bishoff stated that Dr. Kirk had forged his name to a check, and the most that can be made out of this evidence is that Bishoff suspected some one of forging a check on him, which had by some means gotten into the hands of Dr. Kirk, and he wanted to stop payment on that check. We are unable to find in this evidence any charge by Bishoff that Dr. Kirk had forged this check. We have therefore concluded the court properly directed a verdict for the defendant.

The judgment is affirmed.